St. Joseph, *Appellant,* v. Dye.

### Division One, January 26, 1897.

Supreme Court: APPELLATE JURISDICTION: CONSTITUTIONAL QUES-
TION. In a prosecution by a city for violating an ordinance requiring
a license to sell fresh meat at wholesale for which the city shall
charge one hundred dollars, a motion to quash the proceeding be-
cause the complaint does not state a cause of action or any offense
against the laws of the city or state, does not raise a constitutional
question, and the supreme court is without jurisdiction on appeal
from a judgment sustaining the motion.

*Appeal from Buchanan Criminal Court.*—Hon. Silas
Woodson, Judge.

*Certified from Kansas City Court of Appeals.*

Returned to Kansas City Court of Appeals.

*W. R. Hoffman* and *Huston & Parrish* for appel-
lant.

*T. F. Ryan* for respondent.

Robinson, J.—This proceeding was instituted in
the police court of the city of St. Joseph, charging re-
spondent with violating section 72 of general ordinance
361 of said city, "by then and there in said city engag-
ing in the business of selling fresh meats at wholesale
from cars on track without first obtaining a license
from said city as a wholesale meat dealer," etc.

The ordinance reads as follows: "Section 72. No
person shall engage in business of selling or offering
for sale fresh meats at wholesale in the city of St.
Joseph either from a house, store, shed, car, wagon, or

other place, without first having a license from said city as a wholesale meat dealer. And the charge for such license shall be $100.00 per year.''

Judgment was given for plaintiff in the police court, and the defendant appealed to the criminal court of Buchanan county, where the defendant moved the court to ''dismiss the cause and quash the complaint for the reason that it fails to state a cause of action. 2. Because the complaint fails to state any offense against the laws of the city of St. Joseph or the laws of the state of Missouri.''

The criminal court sustained the motion, dismissed plaintiff's cause, and discharged the defendant, and plaintiff prosecuted its appeal to the Kansas City court of appeals.

When the cause came on for hearing in that court an order was then made transferring the case to this court for the reason as alleged that the determination of the cause involved the construction of the constitution of Missouri.

We presume that the court of appeals was led into the error of its order, from an examination of the briefs, statements, and arguments of the attorneys for appellant and respondent as to what the issue in contention was in the trial court, without an examination of the record proper.

No point was or could be raised on the motion to quash as filed by the defendant (the respondent herein) involving the consideration of the question as to whether taxes ''shall be uniform upon the same class of subjects within the territorial limits of the authority levying the taxes,'' or whether the ordinance in question was violative of that provision of our constitution as is contended for by respondent in his brief filed herein.

Cases on appeal must be disposed of on the record proper, as made in the trial court, and not upon new

issues that counsel may see proper to insert in their statements and briefs filed when the cases reach the appellate courts.

This being a civil action, as declared by repeated adjudications of this court, the motion to quash can be treated as nothing more than a demurrer to the complaint, to be determined upon the face of the paper alone as it applies to section 72 of general ordinance numbered 361.

As the record fails to show that any constitutional question was properly raised in this case, it is ordered to be returned and transferred to the Kansas City court of appeals, where jurisdiction to determine the issues presented by the record alone resides.    All concur. ·